NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
FEDERICO ESPINOZA GARCIA,           :
                                    :   Civil Action No. 13-3597 (RMB)
              Petitioner,           :
                                    :
         v.                         :   **OPINION**
                                    :
JORDAN R. HOLLINGSWORTH,            :
                                    :
              Respondent.           :
_____ :

This matter comes before the Court upon the Clerk's receipt of a § 2241 habeas petition executed by a certain Cecilia Dagnino ("Dagnino"), see Docket Entry No. 1, at 2, who asserted a claim on behalf of her husband, Federico Espinoza Garcia ("Garcia"), a native and citizen of Mexico and a federal inmate held at the FCI Fort Dix, Fort Dix, New Jersey.[1]  See id.  Dagnino, a resident of Tucson, Arizona, alleged that Garcia's confinement in New Jersey poses an emotional hardship for her and her and Garcia's four children.  See id. at 1-2.  She, therefore, seeks Garcia's transfer from Fort Dix to a federal facility located closer to the place of Dagnino's abode.  See id. at 2 and 10.

_____

[1] Although the petition at bar is not entirely clear as to the issue, it appears that an immigration detainer was lodged against Garcia, and so he will face removal proceedings upon completion of his prison term.  See Docket Entry No. 1, at 11.  Thus, it might be that Garcia's administrative application for a transfer to a facility located closer to his family's place of abode (for the final months of his term) was denied.  See id.

While this Court is sympathetic to Dagnino and her children, the Court is constrained to dismiss the petition.

Dagnino is without standing to raise claims on behalf of Garcia. Under the "next friend" doctrine, standing is allowed to a third person to file and pursue a claim on behalf of someone who is unable to do so. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). The Whitmore Court clarified, inter alia, that "the 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. Since Witmore, the Supreme Court further elaborated on the standing requirements by stating that a plaintiff must demonstrate an *injury in fact* that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision. See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-03 (1998). "[T]he point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" Id. at 103 n. 5 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)); see also Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that respondents cannot benefit from the judgment they seek and thus lack . . . standing. 'When you got nothing,

you got nothing to lose'") (quoting, with correction of grammar, Bob Dylan, Like A Rolling Stone, in On Highway 61, Revisited (Columbia Records 1965)).

Here, Dagnino raised claims on behalf of Garcia.  However, she cannot proceed jus tertii since no statement made in the petition suggests that Garcia lack capacity to seek vindication of his own rights, and Dagnino's emotional pleasure of having her husband housed closer to her place of abode cannot qualify as a tangible benefit ensuing from vindication of Garcia's rights.

Moreover, even if this Court were to dismiss the petition at bar without prejudice to refiling of the same by Garcia himself, that application would have to be dismissed for lack of habeas jurisdiction.  This is so because the issue of transfer to a facility located in a different geographic locale cannot be litigated in a § 2241 habeas action under the Court of Appeals holding in Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007), a case where an inmate requested transfer to a facility located closer to the place of abode of his wife and children on the basis of the financial and emotional hardships the distance caused his family.[2]  See id. at 883 ("[an inmate]

---

[2] Since the petitioner in Ganim asserted his claim on the basis of the Bureau of Prisons' nearer-to-release transfer policy, the Ganim decision also established that a litigant's raising his/her claim as a challenge asserting an undue violation of that policy cannot cure the jurisdictional deficiency of his/her habeas application.  See Ganim, 235 F. App'x at 882.

3

who challenges a decision not to transfer him from federal prison in New Jersey to a similar facility [near the place of abode of his family], does not [raise a habeas challenge; rather he] presents a challenge to a decision relating to a simple or garden variety transfer [not cognizable in habeas review]").

Finally, even if this Court were to: (a) construe Dagnino's claims as challenges raised by Garcia in a civil rights action; and (b) presume that Garcia duly exhausted his administrative remedies, the equal protection claims would appear to be facially without merit.  See Docket Entry No. 1, at 11 (suggesting Dagnino's interest in paraphrasing her claims in terms of the Equal Protection Clause).  See Buenrosto v. Zickefoose, 2013 U.S. Dist. LEXIS 4360, at *7-8 (D.N.J. Jan. 9, 2013) (footnote and original brackets omitted).

Because the claims raised by Dagnino/Garcia cannot be salvaged by either a dismissal without prejudice to repleading by Garcia or by re-qualification of this habeas matter into a civil rights action, or by presumption of due administrative exhaustion, the Court will dismiss the petition with prejudice.

An appropriate Order follows.

                                           s/Renée Marie Bumb
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**

Dated: October 10, 2013

5