NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                         :
FEDERICO ESPINOZA GARCIA,                :
                                         :  Civil Action No. 13-3597 (RMB)
                Petitioner,              :
                                         :
                v.                       :          **OPINION**
                                         :
JORDAN R. HOLLINGSWORTH,                 :
                                         :
                Respondent.              :
_____:


     This matter comes before the Court upon the Clerk's receipt

of a § 2241 habeas petition executed by a certain Cecilia Dagnino

("Dagnino"), see Docket Entry No. 1, at 2, who asserted a claim

on behalf of her husband, Federico Espinoza Garcia ("Garcia"), a

native and citizen of Mexico and a federal inmate held at the FCI

Fort Dix, Fort Dix, New Jersey.[1]  See id.  Dagnino, a resident of

Tucson, Arizona, alleged that Garcia's confinement in New Jersey

poses an emotional hardship for her and her and Garcia's four

children.  See id. at 1-2.  She, therefore, seeks Garcia's

transfer from Fort Dix to a federal facility located closer to

the place of Dagnino's abode.  See id. at 2 and 10.

_____

     [1]  Although the petition at bar is not entirely clear as to
the issue, it appears that an immigration detainer was lodged
against Garcia, and so he will face removal proceedings upon
completion of his prison term.  See Docket Entry No. 1, at 11.
Thus, it might be that Garcia's administrative application for a
transfer to a facility located closer to his family's place of
abode (for the final months of his term) was denied.  See id.

While this Court is sympathetic to Dagnino and her children, the Court is constrained to dismiss the petition.

Dagnino is without standing to raise claims on behalf of Garcia. Under the "next friend" doctrine, standing is allowed to a third person to file and pursue a claim on behalf of someone who is unable to do so. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). The Whitmore Court clarified, inter alia, that "the 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. Since Witmore, the Supreme Court further elaborated on the standing requirements by stating that a plaintiff must demonstrate an *injury in fact* that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision. See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-03 (1998). "[T]he point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" Id. at 103 n. 5 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)); see also Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that respondents cannot benefit from the judgment they seek and thus lack . . . standing. 'When you got nothing,

you got nothing to lose'") (quoting, with correction of grammar,

Bob Dylan, <u>Like A Rolling Stone</u>, <u>in</u> <u>On Highway 61, Revisited</u>

(Columbia Records 1965)).

Here, Dagnino raised claims on behalf of Garcia. However,

she cannot proceed <u>jus</u> <u>tertii</u> since no statement made in the

petition suggests that Garcia lack capacity to seek vindication

of his own rights, and Dagnino's emotional pleasure of having her

husband housed closer to her place of abode cannot qualify as a

tangible benefit ensuing from vindication of Garcia's rights.

Moreover, even if this Court were to dismiss the petition at

bar without prejudice to refiling of the same by Garcia himself,

that application would have to be dismissed for lack of habeas

jurisdiction. This is so because the issue of transfer to a

facility located in a different geographic locale cannot be

litigated in a § 2241 habeas action under the Court of Appeals

holding in <u>Ganim v. Fed. Bureau of Prisons</u>, 235 F. App'x 882 (3d

Cir. 2007), a case where an inmate requested transfer to a

facility located closer to the place of abode of his wife and

children on the basis of the financial and emotional hardships

the distance caused his family.[2]  <u>See</u> <u>id.</u> at 883 ("[an inmate]

---

[2]  Since the petitioner in <u>Ganim</u> asserted his claim on the
basis of the Bureau of Prisons' nearer-to-release transfer
policy, the <u>Ganim</u> decision also established that a litigant's
raising his/her claim as a challenge asserting an undue violation
of that policy cannot cure the jurisdictional deficiency of
his/her habeas application.  <u>See</u> <u>Ganim</u>, 235 F. App'x at 882.

3

who challenges a decision not to transfer him from federal prison in New Jersey to a similar facility [near the place of abode of his family], does not [raise a habeas challenge; rather he] presents a challenge to a decision relating to a simple or garden variety transfer [not cognizable in habeas review]").

Finally, even if this Court were to: (a) construe Dagnino's claims as challenges raised by Garcia in a civil rights action; and (b) presume that Garcia duly exhausted his administrative remedies, the equal protection claims would appear to be facially without merit.  See Docket Entry No. 1, at 11 (suggesting Dagnino's interest in paraphrasing her claims in terms of the Equal Protection Clause).  See Buenrosto v. Zickefoose, 2013 U.S. Dist. LEXIS 4360, at *7-8 (D.N.J. Jan. 9, 2013) (footnote and original brackets omitted).

Because the claims raised by Dagnino/Garcia cannot be salvaged by either a dismissal without prejudice to repleading by Garcia or by re-qualification of this habeas matter into a civil rights action, or by presumption of due administrative exhaustion, the Court will dismiss the petition with prejudice.

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: October 10, 2013